IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NICOLE M. SMITH, | * |
| Plaintiff | * |
| v | *   Civil Action No. JFM-15-3087 |
| THOMAS F. STANSFIELD, et al., | * |
| Defendants | * |
| | *** |

## MEMORANDUM

The above-captioned Complaint was filed on October 16, 2015, together with the full filing fee. The Complaint concerns Plaintiff's allegation that foreclosure proceedings have been improperly initiated against Plaintiff's property by the named Defendants. ECF 1. The foreclosure proceeding is currently pending in the Circuit Court for Carroll County. *See Rosenberg, et al., v. Smith, et al.,* Circuit Court for Carroll County, Maryland, Case Number 06C13064836.[1] In light of the fact that a case is pending in another forum, this court cannot accept jurisdiction over the claims raised in the Complaint.

To the extent Plaintiff seeks to enjoin the state court proceedings or seeks declaratory relief regarding rights to the property at issue, this Court may not grant "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Where the Anti-Injunction Act bars injunctive relief, issuance of a declaratory judgment that would have the same effect as an injunction is also unavailable. *See Samuels v. Mackell,* 401 U.S. 66, 73 (1971) (declaratory relief has virtually the same practical impact as a formal injunction). Additionally, where equitable relief is sought regarding property that is already the

---

[1] *See* http://casesearch.courts.state.md.us/inquiry

subject of an ongoing in rem action in another court, the court controlling the property for purposes of the earlier-filed suit has exclusive jurisdiction over the property. *See Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285 (1939) (the jurisdiction of the second court must yield to the court where the matter was first pending).

In addition, foreclosure actions brought under state law do not give rise to federal question subject-matter jurisdiction. *See McNeely v. Moab Tiara Cherokee Kituwah Nation Chief*, 2008 WL 4166328 (W.D. N.C 2008) To the extent Plaintiff believes the claims asserted constitute a viable defense to the foreclosure action, they may be raised in the context of that case.[2]

A separate Order follows.

____12/15/15____  
Date

____/s/____  
J. Frederick Motz  
United States District Judge

---

[2] Additionally, Plaintiff's claims against Circuit Court Judge Thomas F. Stansfield may not proceed. The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), quoting *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether at the time the challenged action was taken the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57.

A review of Plaintiff's allegations against Judge Stansfield does not compel the conclusion that the judge acted in clear absence of jurisdiction. Plaintiff's lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the decisions reached at the state court level, this self-represented litigant has turned to this forum to assert allegations of unconstitutional acts against a state court judge. Because immunity precludes Plaintiff's recovery, sua sponte dismissal of Plaintiff's claims is appropriate.

2015 DEC 15 PM 4:02

DISTRICT OF MARYLAND
U.S. DISTRICT COURT
FILED